**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CURB PLANET, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-2233** |
| | § | |
| **WELLS FARGO BANK, N.A. AND BRENDA MARTINEZ,** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] is Defendant Wells Fargo Bank's Motion to Dismiss. (Dkt. No. 17.) The Court has considered the motion, the response, the reply, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.[2]

## I. BACKGROUND

Curb Planet, Inc. ("Plaintiff") filed its original complaint in the 281st District Court of Harris County, Texas (Dkt. No. 1) alleging that Defendant Wells Fargo aided and abetted Defendant Brenda Martinez ("Martinez") when she deposited checks written to Plaintiff in her personal account at Wells Fargo Bank. (*See id.*) Defendant Wells Fargo filed a Notice of Removal to this Court via diversity jurisdiction. (*See id.*) Plaintiff then filed an amended complaint which

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 20.)

[2] The Court also **RECOMMENDS** Defendant's original Motion to Dismiss (Dkt. No. 12) be **DENIED** as moot because it was filed before Plaintiff filed its Amended Complaint. (Dkt. No. 13.)

included causes of action for money had and received, unjust enrichment, conversion, negligence, gross negligence, and breach of fiduciary duty. (Dkt. No. 13.) Defendant's filed a Motion to Dismiss for failure to state a claim, arguing that the alleged causes of action are either preempted by Texas law or improperly pleaded. (Dkt. No. 17.)

The relevant facts, as pleaded by Plaintiff, are as follows. Defendant Martinez was an employee of Plaintiff who stole multiple checks written to Plaintiff and deposited the checks into her bank account at Wells Fargo Bank, N.A. (Dkt. No. 13 ¶ 6–7.) The checks, which were addressed to Plaintiff, were received from Plaintiff's customers but never endorsed by Curb Planet, Inc., or by anyone with authority to endorse them on its behalf. (*Id.* at ¶ 9.) Plaintiff alleges that Defendant Martinez deposited checks worth over $150,000 into her personal Wells Fargo account. (*Id.* at ¶ 11.) Based on Defendants' conduct, Plaintiff alleges that it is entitled to judgment for the money that rightfully belongs to it.

The Court finds that under the facts alleged, which must be taken as true at this stage of the proceedings, Defendant "Wells Fargo Bank, N.A., had actual, subjective awareness of the risk involved, but proceeded with conscious indifference to the rights of Plaintiff [] by cashing, depositing, accepting and/or negotiating the checks stolen by Defendant Brenda Martinez." (Dkt. No. 13 ¶ 40.) However, Plaintiff's allegations are insufficient to hold Defendant Wells Fargo liable for multiple of the alleged causes of action because they are preempted as a matter of law. Defendant's Motion to Dismiss should be granted in part and denied in part as follows:

(1) Plaintiff sufficiently states a claim for unjust enrichment, conversion, and breach of fiduciary duty (Claims II, IV, and VII).

(2) Plaintiff does not sufficiently state a claim for money had and received, negligence,

gross negligence (Claims I, V, and VI).[3]

In sum, Plaintiffs unjust enrichment, conversion, and breach of fiduciary duty claims should survive. All other claims should be dismissed. The Court, however, makes no prediction as to whether Plaintiff can overcome the standards applied at the summary judgment stage.

## II. LEGAL STANDARD

### a. Rule 12(b)(6)

Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted). A court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff," *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted), but it is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. ANALYSIS

[3] Claim III is not at issue in this Motion to Dismiss because it is a claim solely against Defendant Martinez.

a. Money Had and Received

Plaintiff claims that Defendant Martinez "took money that belonged to Plaintiff by stealing checks made payable to Plaintiff, and depositing said checks into her account at Defendant Wells Fargo Bank." (Dkt. No. 13 ¶ 15.) The parties agree that provisions of the Texas Business and Commercial Code ("UCC") apply to this claim and that the claim arises under the common law. Plaintiff argues that its money had and received claim should not be dismissed because "to the extent they do not conflict with the Uniform Commercial Code's provisions, common law principles compliment the Uniform Commercial Code." *Plano Lincoln Mercury, Inc., v. Roberts*, 167 S.W.3d 616, 624 (Tex. App. 2005); see also TEX. BUS. & COM. CODE ANN § 1.103(b) ("Unless displaced by the particular provisions of this title, the principles of law and equity . . . shall supplement its provisions."). As such, Plaintiff's argument goes, because common law claims supplement the UCC, this common law claim should not be dismissed.

Plaintiff is incorrect as a matter of law. As Defendant asserts, money had and received is not listed as a cause of action that supplements the UCC. *See* TEX. BUS. & COM. CODE ANN. § 1.103(b). Moreover, as the Court of Appeals of Texas has held, the common law cause of action for money had and received has been supplanted by Chapter 4 of the UCC. *Am. Dream Team, Inc., v. Citizens State Bank*, 481 S.W.3d 725, 733 (Tex. App. 2015); *See* TEX. BUS. & COM. CODE ANN. § 4.214. The Court, therefore, agrees with Defendant that the cause of action is not supplemental to the UCC and is instead displaced by it, meaning that Plaintiff's common law claim is improperly plead. The Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** as to this claim.

b. Unjust Enrichment

Plaintiff claims that Defendant Wells Fargo Bank, N.A. was unjustly enriched as a result

of wrongfully obtaining the checks made payable to Plaintiff and accepting the funds from said checks. Defendant asserts that this claim should be dismissed because "recovery under the theory of unjust enrichment is preempted under the Texas Business and Commerce Code." (Dkt. No. 17 ¶ 9.) Defendant cites TEX. BUS. & COM. CODE ANN. §§ 3.418, 4.214 for this proposition.

Unjust enrichment occurs when the defendant has wrongfully secured or passively received a benefit from another that would be unconscionable to retain, and the defendant obtained the benefit from the plaintiff by fraud, duress, or the taking of an undue advantage. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 720 (Tex. App. 2015) (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). The facts, taken in the light most favorable to Plaintiff, allege enough that Defendant's Motion to Dismiss should be denied.

Defendant argues that this claim is preempted by the UCC. *See* TEX. BUS. & COM. CODE ANN. §§ 3.418, 4.213. However, without further argument as to how either provision preempts a claim for unjust enrichment, the Court is unpersuaded. Nothing in the plain text of either statute makes clear that a claim for unjust enrichment is preempted. Moreover, Defendant neither explains what subsection preempts Plaintiff's claim nor does it cite to any precedent holding that either provision preempts this claim. It is not the Court's task to develop this argument and thus, the Court need not address it further at this time. *See Mann v. Choate*, No. 16-CV-1315, 2018 WL 1400945, at *8 (E.D. Tex. Mar. 19, 2018). Defendant's Motion to Dismiss as to this claim should be **DENIED**.

c. Conversion under the Texas Business and Commerce Code

Plaintiff alleges its claim for conversion under UCC section 3.420. TEX. BUS. & COM. CODE ANN. § 3.420. It asserts that Defendant Wells Fargo is liable for the money deposited by Defendant Martinez because "Wells Fargo Bank, N.A., . . . obtained payment with respect to the checks stolen

by [] Martinez" even though "Martinez was not a person entitled to enforce the checks or receive payment on the checks as Plaintiff was the sole payee." (Dkt. No. 13 ¶ 32.) Defendant argues that this claim must be dismissed because Plaintiff cannot prove that Defendant failed to exercise ordinary care in accepting the checks Martinez deposited into her account.

Defendant's Motion to Dismiss this claim should be **DENIED**. Defendant argues that Texas Business and Commerce Code 3.405 governs this claim because it concerns an employer's responsibility for fraudulent endorsement by an employee. However, that section is inapposite because, per Plaintiff's allegations which the Court must take as true, Defendant Martinez did not endorse any of the checks. The proper section for analysis is Texas Business and Commerce Code 3.420(a) which states,

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.

The section goes on to explain that an action under that section may be brought by the "payee" of an instrument, such as Plaintiff is in this case. TEX. BUS. & COM. CODE ANN. § 4.20(b)(2). Under this section Plaintiff clearly stated a claim upon which relief may be granted. The Court **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED**.

d. Negligence under the Texas Business and Commerce Code and Gross Negligence

Plaintiff claims that "Defendant Wells Fargo Bank, N.A. failed to use ordinary care in paying or taking the checks deposited by Defendant Brenda Martinez." (Dkt. No. 13 ¶ 35.) Moreover, Plaintiff asserts that Defendant was grossly negligent in allowing Martinez to deposit checks payable to Plaintiff without any endorsement. (*Id.* ¶ 39.) In response, Defendant argues that Plaintiff's claim must be dismissed because Plaintiff cannot establish that Defendant Wells Fargo

owed it any duty of care.

In order to succeed on a claim of negligence, Plaintiff must prove the existence of a legal duty, breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. Of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 784, 798 (Tex. 2004). Whether a duty exists is a question of law for the court. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994). As Defendant points out, generally, a bank does not owe a duty to someone who is not a customer and with whom the bank does not have a relationship. *See Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.-Tyler 2006, no pet.). The principle espoused in *Guerra* was more recently followed by this Court in *Davis v. Wells Fargo Bank, N.A.*, No. 6:11-CV-00047, 2014 WL 585403, (S.D. Tex. Feb. 14, 2014). In that case, much like here, a non-customer brought a negligence suit against a bank with which it had no other relationship. *Id.* at *1. The court reasoned that plaintiff's claim failed as a matter of law because it could not show that defendant owed it a duty relative to its common law negligence claim. Likewise, per the on-point precedent, regarding Plaintiff's negligence claim, it cannot show that Defendant owed it a duty of care. As such, The Court **RECOMMENDS** Defendant's Motion to Dismiss regarding Plaintiff's claim for negligence should be **GRANTED**.

Plaintiff's claim for gross negligence should also be dismissed. "A plaintiff who cannot support a cause of action for negligence cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence." *Madrid v. Galp Waters Ltd. P'ship*, No. 12-CV-3252, 2014 WL 12539253, at *3 (S.D. Tex. June 6, 2014) (quoting *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 201 n.16 (Tex. App. 2005)).

e. Breach of Fiduciary Duty

Plaintiff claims that Defendant Wells Fargo breached its fiduciary duty to Plaintiff by "accepting, negotiating, obtaining and providing the funds associated with the checks" from

Defendant Martinez "despite having actual or constructive knowledge that [she] was in breach of her fiduciary duty." (Dkt. No. 13 ¶ 47.) Defendant responds that this claim is both preempted by the UCC and does not exist as a common law cause of action. (Dkt. No. 17 ¶ 20.) Defendant also argues Plaintiff failed to plead facts pertaining to whether Defendant Wells Fargo had knowledge that Defendant Martinez was allegedly depositing checks that belonged to Plaintiff. (*Id*.)

The Court **RECOMMENDS** Defendant's Motion to Dismiss this claim be **DENIED**. Plaintiff's claim for breach of fiduciary duty is governed by UCC section 3.307. TEX. BUS. & COM. CODE ANN. § 3.307. The cause of action under that statute requires knowledge on the part of the taking party (Wells Fargo) to establish a breach of its fiduciary duty. TEX. BUS. & COM. CODE ANN. § 3.307(b). The relevant part of the statute says "if an instrument is issued by the represented person or the fiduciary as such, and made payable to the fiduciary personally, the taker does not have notice of the breach of fiduciary duty unless the taker knows of the breach of fiduciary duty[.]" TEX. BUS. & COM. CODE ANN. § 3.307(b)(3). Defendant cites to this language as vitiating its duty under the statute because it did not have notice of Defendant Martinez's alleged breach of her fiduciary duty. However, the implication of that provision is that Defendant would not have notice if the instrument (checks) were *made payable to the fiduciary personally.* That is not the case based on the facts alleged by Plaintiff—the checks were made out to Curb Planet, Inc. and not endorsed by any party. As such, the Court cannot say that Plaintiff's claim for breach of fiduciary duty should be dismissed as a matter of law. Plaintiff alleges that Defendant accepted the checks "despite having actual or constructive knowledge that [Defendant Martinez] was in breach of her fiduciary duty." (Dkt. No. 13 ¶ 47.) The Court is satisfied that this allegation is enough to eclipse the threshold of stating a claim upon which relief can be granted.

## IV. CONCLUSION

The Court has considered the motion, the responses, the replies, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on September 2, 2022.

Sam S. Sheldon
United States Magistrate Judge