Case 4:20-cv-02233   Document 36   Filed on 10/16/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 16, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **CURB PLANET, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-2233 |
| | § | |
| **WELLS FARGO BANK, N.A. AND** | § | |
| **BRENDA MARTINEZ,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment. (Dkt. No. 33.) The Court has considered the motion, the response, the reply, the evidence, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Dkt. No. 33) be **GRANTED IN PART** with respect to Plaintiff's claims for unjust enrichment, breach of fiduciary duty, and conversion as to any check deposited before March 13, 2017, and **DENIED IN PART** with respect to Plaintiff's conversion claim as to any check deposited on or after March 13, 2017.

## I.  BACKGROUND

Defendant Brenda Martinez ("Martinez"), an employee of Curb Planet, Inc. ("Plaintiff"), stole multiple checks written to Plaintiff and deposited the checks into her personal bank account

---

[1] The District Judge referred the case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure ("Rule") 72. (Dkt. No. 20.)

at Wells Fargo Bank, N.A. (Dkt. No. 13 ¶ 6–7.) The checks, which were addressed to Plaintiff, were received from Plaintiff's customers but never endorsed by Plaintiff or anyone with authority to endorse them on its behalf. (*Id.* at ¶ 9.) Plaintiff alleges that Martinez deposited checks worth over $150,000 into her personal Wells Fargo account. (*Id.* at ¶ 11.)

Plaintiff filed its original complaint in the 281st District Court of Harris County, Texas (Dkt. No. 1) alleging that Defendant Wells Fargo ("Wells Fargo") aided and abetted Martinez when she deposited checks written to Plaintiff in her personal account at Wells Fargo. (*See id.*) Wells Fargo filed a Notice of Removal to this Court via diversity jurisdiction. (*See id.*) Plaintiff then filed an amended complaint that included causes of action for money had and received, unjust enrichment, conversion, negligence, gross negligence, and breach of fiduciary duty. (Dkt. No. 13.) Wells Fargo filed a Motion to Dismiss for failure to state a claim, arguing that the alleged causes of action were either preempted by Texas law or improperly pleaded. (Dkt. No. 17.) The Motion was ultimately granted in part and denied in part. (Dkt. No. 30.) Plaintiff's remaining claims include unjust enrichment, conversion, and breach of fiduciary duty. On April 4, 2023, Wells Fargo filed a Motion for Summary Judgment on Plaintiff's remaining claims. (Dkt. No. 33.) Plaintiff filed its Response on April 25, 2023. (Dkt. No. 34.)

## II.     LEGAL STANDARD

Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine factual issues. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986)). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In reviewing a motion for summary judgment, the Court bears the responsibility of taking the nonmovant's evidence as true and drawing all reasonable inferences in his favor. *Id.* (quoting *Liberty Lobby, Inc.*, 477 U.S. at 255). But the Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003).

### III.   ANALYSIS

Wells Fargo moved for summary judgment on the following claims: (1) unjust enrichment; (2) conversion under the Texas Business and Commerce Code; and (3) breach of fiduciary duty. (Dkt. No. 33 at 3.) Wells Fargo also presented statute of limitations and double recovery arguments. (*Id.* at 5-6.) In their response, Plaintiff conceded its claims against Wells Fargo for unjust enrichment and breach of fiduciary duty.[2] (Dkt. No. 34 at 6, 8). Thus, the Court will address Wells Fargo's statute of limitations and double recovery arguments before turning to Plaintiff's conversion claim.

---

[2] Plaintiff also conceded that attorney's fees are not recoverable against Wells Fargo. (Dkt. No. 34 at 8.)

a.  Statute of Limitations

First, Wells Fargo argues that Plaintiff's claims and damage model are time barred with respect to any check that was deposited before June 8, 2017. (Dkt. No. 33 at 5.) Wells Fargo also argues that the discovery rule does not apply. (*Id.*) Plaintiff concedes that the discovery rule does not apply to the claims against Wells Fargo; however, Plaintiff argues that any claim that occurred on or after March 13, 2017 is within the applicable three-year statute of limitations due to the Emergency Orders issued by the Supreme Court of Texas during COVID-19. (Dkt. No. 34 at 3-5.)

In Texas, conversion of an instrument claims must be commenced within three years after the cause of action accrues. Tex. Bus. & Com. Code Ann. § 3.118(g). A conversion of an instrument cause of action accrues once the checks are deposited. *Ahmed v. Bank of Whittier, N.A.*, No. 05-21-00058-CV, 2022 WL 1401432, at *4 (Tex. App.—Dallas, May 4, 2022, pet. denied). Here, numerous checks were deposited by Martinez into Wells Fargo between May 5, 2016 to October 10, 2018. (Dkt. No. 13 ¶ 7; Dkt. No. 35 at 4.) Plaintiff ultimately filed their suit in state court on June 8, 2020. (Dkt. No. 1.) Thus, any check deposited on or after June 8, 2017 would be within the three-year statute of limitations for claims for conversion brought under the business and commerce code.

However, Plaintiff argues that checks deposited on or after March 13, 2017 would be within the three-year statute of limitations due to the Supreme Court of Texas's Eighteenth Emergency Order. (Dkt. No. 34 at 3-4.) The Eighteenth Emergency Order issued by the Texas Supreme Court on June 29, 2020, relating to the COVID-19 pandemic, provides in pertinent part: "Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and August 1, 2020, is extended until September 15, 2020." *Eighteenth Emergency Ord. Regarding COVID-19 State of Disaster*, 609 S.W.3d 122 (Tex. 2020). In its reply, Wells Fargo contends that the

Eighteenth Emergency Order allows courts to modify deadlines but does not mandate them to do so. (Dkt. No. 35 at 3.)

Because some of the deadlines for Plaintiff's claims fall within the Eighteenth Emergency Order's listed dates, the Court finds that the tolling provision applies to Plaintiff's claims on the checks that fall within March 13, 2020 and August 1, 2020. *See Phillips v. Cero's L.L.C.*, No. 22-10617, 2022 WL 16956798, at *2 (5th Cir. Nov. 16, 2022) (finding the tolling provision of two Texas Supreme Court emergency orders did not apply because the deadlines for certain claims did not fall within the order's listed dates). As such, the Court finds that Plaintiff's claims on checks deposited before March 13, 2017 are time-barred and recommends that summary judgment be granted only as to those claims.

    b.  <u>Double Recovery</u>

Wells Fargo also argues that summary judgment should be granted because of the risk of double recovery. (Dkt. No. 33 at 6; Dkt. No. 35 at 4.) Plaintiff argues the risk of double recovery is not grounds for summary judgment and is a determination that cannot be made until trial. (Dkt. No. 34 at 5.) While the Court agrees that Plaintiff is not entitled to a double recovery, Wells Fargo has not established that it is entitled to summary judgment on this question. Further, potential double recovery issues can be better addressed later in the litigation. *See Lawrence v. Aetna Life Ins. Co.*, No. A-11-CA-439-SS, 2012 WL 13033981, at *3 (W.D. Tex. Oct. 17, 2012) ("Any danger of double recovery can be cured through appropriate jury instructions and a well-crafted verdict form.").

    c.  <u>Conversion</u>

Lastly, Wells Fargo argues it is entitled to summary judgment on Plaintiff's conversion claim because Martinez used an ATM to deposit the checks and Wells Fargo exercised ordinary

care in the processing of the automated deposits. (Dkt. No. 33 at 8.)

Plaintiff's conversion claim is governed by the third chapter of the Texas UCC, which pertains to negotiable instruments. Texas Business and Commerce Code § 3.420(a) states that "[a]n instrument is . . . converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment."

Wells Fargo claims that section 3.420, which defines conversion of an instrument, is inapplicable because the checks were not deposited with a human teller. (*Id.* at 5.) Wells Fargo provides no case law that stands for this proposition. Instead, Wells Fargo contends that section 3.103(a)(9), which simply defines ordinary care, applies because the checks were deposited with an ATM. (*Id.*) Wells Fargo provides no support for this contention either. Section 3.103(a)(9) states: "In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 4." Tex. Bus. & Comm. Code § 3.103(a)(9). The proper section for analysis is Texas Business and Commerce Code § 3.420(a), which does not consider whether Wells Fargo exercised ordinary case. *See* Tex. Bus. & Comm. Code § 3.420. Accordingly, the Court recommends Wells Fargo's Motion for Summary Judgment (Dkt. No. 33) be denied as to Plaintiff's conversion claim.[3]

---

[3] In its Reply, Wells Fargo lodged evidentiary objections to portions of Plaintiff's Exhibits 1 and 2. (Dkt. No. 35 at 1-2.) Because Wells Fargo fails to satisfy their initial summary judgment burden, the burden never shifted to Plaintiff such that the Court would need to consider Plaintiff's

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant Wells Fargo's Motion for Summary Judgment (Dkt. No. 33) be **GRANTED IN PART** with respect to Plaintiff's claims for unjust enrichment, breach of fiduciary duty, and conversion as to any check deposited before March 13, 2017, and **DENIED IN PART** with respect to Plaintiff's conversion claim as to any check deposited on or after March 13, 2017.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on October 16, 2023.

                    Sam S. Sheldon
                    United States Magistrate Judge

---

evidence. Thus, Wells Fargo's objections are overruled.